## Rita Dorothy O'Connell by Mary O'Connell, Appellee, v. West Side Hospital of Chicago and Richard J. O'Connell, Appellants.

### Gen. No. 22,803.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and remanded. Opinion filed December 21, 1917.

### Statement of the Case.

Action by Rita Dorothy O'Connell, a minor, by her next friend, Mary O'Connell, plaintiff, against West Side Hospital of Chicago, a corporation, and Richard J. O'Connell, defendants, to recover for the alleged negligent care of plaintiff's mother and of plaintiff at the birth of plaintiff whereby plaintiff's eyes became infected, and the infection through the negligence of defendant O'Connell as physician and surgeon was allowed to spread, etc. From a judgment for plaintiff, defendants appeal.

HANS L. HOWARD, EDWARD W. RAWLINS and R. J. FOLONIE, for appellants.

MUNSON T. CASE and QUIN O'BRIEN, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

### Abstract of the Decision.

1. TRIAL, § 216*—*what evidence not considered in reviewing motion for directed verdict.* Evidence introduced after withdrawal from the case of a defendant upon his motion for a directed verdict at close of plaintiff's evidence cannot be considered in reviewing the motion.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. TRIAL, § 192*—*when direction of verdict for defendant is proper*. An instruction for a directed verdict on motion of defendant should be given if the court is of opinion that a verdict for plaintiff must be set aside for want of any evidence to sustain it.

3. PHYSICIANS AND SURGEONS, § 21*—*what is subject of expert medical testimony*. Whether a physician has treated a case skilfully is a question of science which must be determined not by lay evidence but by the testimony of skilful physicians and surgeons.

4. PHYSICIANS AND SURGEONS, § 22*—*when negligence of defendant in caring for child after birth not shown*. Evidence *held* insufficient to go to the jury as to the alleged negligence of the defendant physician charged with responsibility for an infection of plaintiff's eyes arising some time after her birth, where upon its discovery an expert was, upon defendant's advice and with consent of plaintiff's parents, placed in charge of the case, and the expert evidence showed that this was the proper and best practice for a general practitioner, which the evidence showed the defendant was.

5. APPEAL AND ERROR, § 1793*—*when judgment reversed as to both defendants*. A judgment against two defendants which is erroneous as to one must be reversed as to both, in an action to recover damages for alleged negligence.